UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROY ELIZE FERGUSON III,<br><br>                Plaintiff,<br><br>vs.<br><br>STEPHANIE ANN RAY and BANNOCK COUNTY PUBLIC DEFENDERS,<br><br>                Defendants. | Case No. 4:22-cv-00269-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      Roy Elize Ferguson III, an inmate being held in the Bannock County Jail on probation violations, asserts that, between August 14, 2019, and February 17, 2022, the public defender violated his due process and equal protections rights in representing him regarding a probation violation or crime. He asserts that public defender Stephanie Ray did not disclose to the judge that she had a conflict of interest—her sister-in-law was opposing counsel. He also alleges that Ray failed to call necessary witnesses at a hearing and entered a guilty plea on Plaintiff's behalf without his authorization, even after he had discharged her.

      The Court now reviews the Complaint to determine whether Plaintiff can proceed.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

1. **Standard of Law for Summary Dismissal**

The Court is required to review prisoner complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b). A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2. **Discussion**

    a. *Claims Implicating the* Heck v. Humphrey *Bar cannot Proceed*

Plaintiff's claims challenging the outcome of his criminal case or probation violation in state court appear to be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* As a result, "a claim for damages bearing that relationship to a conviction or

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

sentence that has not been so invalidated is not cognizable under § 1983." *Id*. On the other hand, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnote omitted).

The *Heck* principle has been extended to parole and probation claims. Certain claims may be brought under § 1983 claims if they meet the *Heck* test, while others must be asserted in habeas corpus actions. *Thornton v. Brown*, 757 F.3d 834, 840 (9th Cir. 2013) (probation); *Wilkinson v. Dotson*, 544 U.S. 74 (2005) (parole).

In this case, if this Court concluded that the actions of his public defender caused Plaintiff to be found guilty of a probation violation or crime, that would impermissibly call into question the state court order. Therefore, he cannot proceed. Plaintiff first must seek relief in the state court system, and then he may seek habeas corpus relief in federal court. Only after Plaintiff takes one or both those steps and is successful may he file a § 1983 action.[1] If he has done so, he may seek reconsideration of this Order.

---

[1] The statute of limitations for a § 1983 claim that is dependent upon a prior state court action to invalidate a conviction does not begin to run until the conviction is reversed, expunged or declared invalid, because the § 1983 cause of action does not arise until the state court action is completed. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

### b. *Public Defenders are not proper § 1983 Defendants*

Plaintiff's claims against Ray and the Bannock County public defenders also fail for the following reason. In *West v. Atkins*, 487 U.S. 42 (1988), the United States Supreme Court reiterated its earlier holding that criminal defense attorneys are not considered "state actors" under § 1983:

> *Polk County v. Dodson*, [454 U.S. 312 (1981)] . . . is the only case in which this Court has determined that a person who is employed by the State and who is sued under § 1983 for abusing his position in the performance of his assigned tasks was not acting under color of state law. The Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S., at 325, 102 S.Ct., at 453. In this capacity, the Court noted, a public defender differs from the typical government employee and state actor. While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence," which the State is constitutionally obliged to respect. *Id*., at 321 322, 102 S.Ct., at 451. A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State. *Id*., at 318 319, 320, 102 S.Ct., at 450. The Court accordingly concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he "is not acting on behalf of the State; he is the State's adversary." *Id*., at 323, n. 13, 102 S.Ct., at 452, n. 13. See also *Lugar v. Edmondson Oil Co*., 457 U.S., at 936, n. 18, 102 S.Ct., at 2753, n. 18.

*Id*. at 50.

As a result, Plaintiff cannot sue the public defenders under § 1983. Therefore, all of the claims are subject to dismissal.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

3. Conclusion

Plaintiff cannot proceed on any of his claims. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Here, the Court concludes that amendment in this case would be futile and a waste of judicial resources because (1) he has not invalidated his probation violation or crime, and (2) the defendants are not classified as state actors. There are no facts the Court can conceive of that would remedy these latter deficiencies. Accordingly, this case will be summarily dismissed for failure to state a claim upon which relief can be granted.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Appoint Attorney (Dkt. 6) is DENIED as MOOT.
2. Plaintiff's Complaint (Dkt. 3) is DISMISSED for failure to state a federal claim upon which relief can be granted.

DATED: November 8, 2022

_____
B. Lynn Winmill
U.S. District Court Judge